# Ryall v. The State.

*Indictment for Unlawful Sale of Spirituous Liquors.*

1. *Spirituous liquors ; what articles are included in the term.*—Under an indictment charging an unlawful sale of spirituous liquors (Code, § 4205; Sess. Acts 1880–81, p. 50), a conviction may be had on proof of a sale of "brandy peaches" and "brandy cherries," put up in bottles, and preserved in liquor which was spirituous and intoxicating.

FROM the Circuit Court of Marengo.
Tried before the Hon. WM. E. CLARKE.

WM. H. TAYLOE, for appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The defendant, upon indictment, was convicted of selling spirituous liquors to a person of known intemperate habits, in violation of section 4205 of the present Code of Alabama, as amended by the act approved February 26, 1881.—Acts 1880–81, p. 50.

The evidence tended to show that defendant sold what is commonly known as "Brandy Peaches," and "Brandy Cherries," put up in bottles, and preserved in liquor which was spirituous and intoxicating.

The court charged the jury that, upon this state of facts, if they believed this phase of the evidence, they might find the defendant guilty, as charged in the indictment.

[Abernathy v. The State.]

We see no error in this ruling. The case falls fully within the letter of the statute, as well as within the mischief intended to be remedied by it. If spirituous and intoxicating liquor was sold, as the evidence tended to prove, there was no proof offered to show that it was rendered any the less noxious in its stimulating and inebriating qualities by the fact that fruit was mixed with it at the time of the sale. If persons were allowed to escape the penalty of this statute, by merely adding some other article or ingredient to intoxicating liquors, when made the subject of traffic, it is obvious that the law could be evaded with the greatest facility by any person who desired it. Such a construction would practically operate to repeal the statute.

The judgment of conviction was proper, and must be affirmed.